**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| YVETT LILLY, ) | Case No. EDCV 12-00381-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Yvett Lilly seeks judicial review of the Commissioner's final decision denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons set forth below, the decision of the Commissioner is affirmed and the matter is dismissed with prejudice.

**I. Background**

Plaintiff was born on November 8, 1966. (Administrative Record ("AR") at 125.) She has an eleventh grade education and has relevant work experience as a truck driver. (AR at 150, 153.) Plaintiff filed her applications on November 5, 2008, alleging disability since September 7,

2006, due to right shoulder surgery, osteoarthritis and carpal tunnel syndrome. (AR at 52, 125.)

Plaintiff's applications were denied initially on February 17, 2009, and upon reconsideration on December 3, 2009. (AR at 56-60, 63-67.) An administrative hearing was held on December 7, 2010, before Administrative Law Judge ("ALJ") William K. Mueller. Plaintiff, represented by counsel, testified, as did a Vocational Expert ("VE"). (AR at 27-50.)

On January 12, 2011, ALJ Mueller issued an unfavorable decision. (AR at 10-20.) The ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR at 12.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: right shoulder AC joint degenerative disc disease and possible carpal tunnel syndrome. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 13.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:
> the claimant is limited to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; she can stand for 6 hours out of an 8-hour workday and has no sitting restrictions; she is precluded from walking on uneven terrain; she cannot perform overhead work with the right arm; she is limited to occasional above shoulder work with the right arm; she can handle and finger on a frequent basis bilaterally; and the claimant must avoid exposure to extreme cold, extreme vibrations, and hazardous heights and machinery.

(AR at 13-14.)

The ALJ concluded that Plaintiff's impairments prevented her from performing her past relevant work. (AR at 18.) However, based on the VE's testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR at 19-20.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 20.)

On February 7, 2012, the Appeals Council denied review (AR at 1-3). Plaintiff then timely commenced this action for judicial review. On September 17, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly concluding at step three of the sequential process that Plaintiff's impairments did not medically meet or equal a listed impairment and (2) failing to properly consider the treating physician's opinion. (Joint Stip. at 2.) Plaintiff seeks reversal of the Commissioner's denial of her applications and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 20.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 20-21.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means

such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.    The ALJ Properly Determined That Plaintiff's Impairments Do Not Meet or Equal a Listed Impairment**

Plaintiff contends that the ALJ erred by summarily concluding that her combined impairments did not meet or equal one of the impairments listed in 20 C.F.R. § 404, Subpt. P, App. 1. Plaintiff also claims that the ALJ should have found that her combined impairments medically equal to Listing 1.02A, because the ALJ's determination that Plaintiff was precluded from walking on uneven surfaces means that Plaintiff has an "inability to ambulate effectively," as defined in Listing 1.00B2b. (Joint Stip. at 3-9.) These contentions lack merit.

Plaintiff first contends that the ALJ erred by summarily determining, at step three of the sequential process, that Plaintiff's impairments did not meet or equal a listed impairment. (Joint Stip. at 4.) At step three of the sequential evaluation process, an ALJ considers

whether an applicant has an impairment or combination of impairments that meet or medically equal an impairment included in the federal regulations' listing of disabling impairments. If the claimant's impairment matches or is "equal" to one of the listed impairments, she qualifies for benefits without further inquiry. 20 C.F.R. § 416.920(d), *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990).

Plaintiff argues that the ALJ erred by not citing or discussing any specific section of the listings and by failing to explain how the medical evidence in the record supported his finding at step three. (Joint Stip. at 3.) Rather, the ALJ merely noted that the medical record lacked any evidence of impairments that would meet or equal a listed impairment. (AR at 13.)

An ALJ is required to adequately explain the basis for his or her determination that an applicant's impairments do not equal a listing. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, an ALJ is not required to "state why a claimant failed to satisfy every different section of the listing impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Accordingly, a well-developed discussion of the factual basis of a claimant's impairments elsewhere in a hearing decision may, under certain circumstances, support an unexplained finding of no medical equivalence at step three. *Id.* at 1201 (finding an ALJ's four-page summary of the record an adequate basis for unexplained statement that the applicant's impairments did not meet or equal any listing). Here, the ALJ reviewed Plaintiff's medical history in detail, including Plaintiff's shoulder impairment, obesity and claims of pain in her hands, arms, low back, knee and thigh. (AR at 16-18.) The

ALJ also reviewed Plaintiff's hearing testimony[1] and the opinions of the reviewing physicians in determining that Plaintiff was not disabled. (AR at 15, 18.) This review of the evidence supports the ALJ's step three finding under *Gonzalez*. The ALJ did not err in failing to explain his finding that Plaintiff's impairments were not medically equivalent to any listed impairments. *See Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that an ALJ is not required to discuss every piece of evidence in the record in reaching a disability determination). The ALJ provided ample specific and legitimate reasons, supported by substantial evidence in the record, for finding that Plaintiff was not disabled.

Plaintiff further contends that the combined impairments of her hips, ankles and knee medically equal Listing 1.02A. Section 1.01, *et s.*, of the disability listings cover impairments of the musculoskeletal system. Listing 1.02, entitled: "Major dysfunction of a joint(s) (due to any cause)" provides as follows:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A.  Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle) resulting in inability to ambulate effectively, as defined in

---

[1] The ALJ found Plaintiff's hearing testimony not fully credible, a conclusion which Plaintiff does not challenge here.

```
                    1.00B2b; or
          B.   Involvement of one major peripheral joint in each
               upper extremity (i.e., shoulder, elbow, or wrist-
               hand), resulting in inability to perform fine and
               gross movements effectively, as defined in 1.00B2c.
```
20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.02.

Plaintiff contends that impairments of her left hip, ankles, and right knee medically equal Listing 1.02A. (Joint Stip. at 7.) But Plaintiff has failed to show that her combined impairments are medically equivalent to a listed impairment. The mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability. 20 C.F.R. § 404.1525(d); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Indeed, "[i]t is not enough for an applicant to show he has a severe impairment that is one of the listed impairments to find him per se disabled." *Young v. Sullivan*, 911 F.2d 180, 181 (9th Cir. 1990). To "meet" a listed impairment, a claimant must present medical findings establishing that he meets each characteristic of the listed impairment. 20 C.F.R. § 404.1525(d); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526).

In this case, Plaintiff has failed to show how the medical evidence satisfies the criteria of Listing 1.02A. Plaintiff makes the conclusory statement that her combined impairments meet the disability listing and occasionally cites to her medical records without establishing how these

medical reports demonstrate that she has met the requirements of Listing 1.02A. The medical records to which Plaintiff refers in support of her argument only provide diagnoses and results; they do not state any limitations.

Furthermore, no physician has used or interpreted Plaintiff's medical records to find that Plaintiff has an impairment or combined impairments which meet or medically equal Listing 1.02A. Rather, Plaintiff's treating physicians, Dr. Michael Einbund, M.D. and Dr. Raja Dhalla, M.D., treated Plaintiff in the context of her worker's compensation claim. Although Dr. Einbund opined that Plaintiff was temporarily totally disabled under California worker's compensation rules through Plaintiff's last insured date, that conclusion is not determinative of an entitlement to benefits under social security law. *See Booth v. Barnhart*, 181 F.Supp.2d 1099, 1104-05 (C.D. Cal. 2002) (citing *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)) and *Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)); 20 C.F.R. § 404.1504. The determination that Plaintiff was temporarily totally disabled under state worker's compensation rules indicated that she could not return to her previous job as a truck driver, not that she was precluded from all substantial gainful activity. Aside from the conclusion that Plaintiff could not return to her previous work, Dr. Einbund did not provide specific functional limitations caused by Plaintiff's impairments that would preclude work.

In addition, Plaintiff argues that she meets or equals section 1.03's requirement of an "inability to ambulate effectively" because the ALJ determined that Plaintiff's RFC precluded her from walking on uneven surfaces. (Joint Stip. at 8-9.) Although the ALJ's finding that Plaintiff cannot walk on uneven surfaces may indicate that Plaintiff is

unable "to walk a block at a reasonable pace on rough or uneven surfaces," which could impact her ability to ambulate effectively, (*see* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.00B2b), the inability to ambulate effectively *in and of itself* is not sufficient to establish that Plaintiff's impairment equals Section 1.02. *See, e.g., Reese v. Astrue*, 2012 WL 137567, *4 (C.D.Cal. 2012). AS discussed in detail above, Plaintiff has failed to show that her impairment meets or equals each of the characteristics of Section 1.02.

When considering the record as a whole, it is clear that Plaintiff has not met her burden of demonstrating that her symptoms met or equaled the criteria of Listing 1.02A. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 145-152 (1987) (placing burden on claimant to produce evidence that impairment meets listing). The ALJ correctly found, at step three of the sequential analysis, that Plaintiff's impairments do not meet one of the listed impairments. Accordingly, Plaintiff is not entitled to relief on this claim.

**B.   The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Einbund. (Joint Stip. at 12.) On January 7, 2010, Dr. Einbund completed an assessment which diagnosed Plaintiff with cervical spine strain, status post-op right shoulder with restricted motion, bilateral carpal tunnel syndrome, lumbar spine strain, right knee sprain and bilateral ankle sprain. (AR at 313.) In addition, Dr. Einbund opined that Plaintiff was unable to work and was temporarily totally disabled. (Id.)
//

An ALJ should generally accord greater probative weight to a

treating physician's opinion than to opinions from non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

    The ALJ provided legitimate reasons for refusing to give Dr. Einbund's opinion controlling weight, which were supported by substantial evidence in the record. The ALJ reviewed and summarized Plaintiff's relevant medical records from March 2008 to October 2010. (AR at 16-18.) After discussing these records in detail, the ALJ found that Dr. Einbund's ongoing assessment that Plaintiff was temporarily totally disabled was not fully credible because there were no treatment records or diagnostic findings to support the extreme limitations found by Dr. Einbund. (AR at 17, citing AR at 231, 247-248). In addition, Dr. Einbund's own treatment records, which generally found that Plaintiff had some pain and tenderness, contradicted his finding of extreme limitations. (*See, e.g.,* AR at 217-18, 221, 226, 277, 280, 284, 287-90,

10

294, 300, 321-24.) Moreover, to the extent that Dr. Einbund's opinion that Plaintiff was disabled was based upon Plaintiff's own subjective complaints of pain, the ALJ determined that Plaintiff was not fully credible, a conclusion which Plaintiff does not challenge. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.") (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). A review of Dr. Einbund's records reveals that "they largely reflect [Plaintiff's] reports of pain, with little independent analysis or diagnosis." *Tommasetti*, 533 F.3d at 1041.

Accordingly, the ALJ properly gave the greatest weight to the opinions of the reviewing state agency physicians, Drs. D. Rose, M.D. and M. Mazury, M.D., who found Plaintiff capable of performing light work. (AR at 18, 251-259, 301-310). The opinions of non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *See Thomas*, 278 F.3d at 957.

Finally, Plaintiff's contention that the ALJ should have re-contacted Dr. Einbund for clarification or additional evidence is not persuasive. An ALJ has a duty to re-contact a treating source only where the record is ambiguous or inadequate. *See* 20 C.F.R. § 404.1513(b)(6); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (explaining that the ALJ's duty to develop the record is triggered if the record is ambiguous or undeveloped). However, this is not a case where the evidence was inadequate to assess Dr. Einbund's opinion or make a disability determination. As noted above, neither the overall record nor Dr. Einbund's own treatment notes support his conclusion that Plaintiff

could not work. The fact that the medical records do not support Dr. Einbund's opinion does not render the records ambiguous such that the ALJ's duty to supplement the record was triggered. Instead, Dr. Einbund's opinion on the ultimate issue of disability was simply not supported by the record. Accordingly, the ALJ did not err in rejecting Dr. Einbund's opinion without re-contacting him for clarification.

**IV.  CONCLUSION**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case be dismissed with prejudice.

DATED: September 24, 2012

_____
Marc L. Goldman
United States Magistrate Judge